UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LE'OLA FLETCHER,

        Plaintiff,

v.

TRANSUNION, LLC, et al.,

        Defendants.

No.  2:25-cv-02654–DJC-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  The Court now recommends that the action be dismissed for Plaintiff's failure to pay the filing fee or file a renewed motion to proceed in forma pauperis.

On September 16, 2025, Plaintiff filed a complaint and a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1 and 2.  On October 14, 2025, this Court issued an order denying the motion to proceed IFP and allowing Plaintiff 30 days to pay the filing fee. ECF No. 3.  Thus, Plaintiff was to pay the filing fee by November 13, 2025.  On November 7, 2025, Plaintiff filed a motion for a 30-day extension to pay the filing fee.  ECF No. 4.  The motion for extension referenced that Plaintiff was "experiencing limited income" and "financial hardship." *Id*. at 2. The Court granted the motion for extension of time, and informed Plaintiff that if her financial circumstances had substantially changed, she could file a renewed motion to proceed IFP.  ECF

1

No. 5.  The order further provided: "Plaintiff shall file a renewed motion to proceed IFP, or pay the filing fee, no later than December 12, 2025."  *Id.*

Plaintiff did not file a renewed motion to proceed IFP or pay the filing fee by that deadline.  As a result, on December 19, 2025, the Court issued an Order to Show Cause (OSC).  ECF No. 6.  The OSC directed Plaintiff to show cause within 14 days why the failure to pay the filing fee or file a renewed motion to proceed IFP should not result in a recommendation for dismissal.  *Id.* at 2.  The Order further cautioned that if Plaintiff failed to respond the Court would recommend dismissal.  *Id.*  Plaintiff did not respond to the OSC.

As the Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute.  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty."  *Id.*  Plaintiff's motion to proceed IFP (ECF No. 2) did not demonstrate an inability to pay the filing fee and was denied.  *See* ECF No. 3.  Plaintiff has not paid the filing fee or filed a renewed motion to proceed IFP, despite multiple opportunities to do so.  Plaintiff's action thus may not proceed.  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999) ("An action may proceed despite failure to pay the filing fees only if the party is granted IFP status.").

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.  This action be dismissed without prejudice; and

2.  The Clerk be directed to enter Judgment and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

////

////

////

2

specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 13, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE